HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CANAL INSURANCE COMPANY,

    Plaintiff,

v.

TEMESGEN MENGESTE and
YOHANNES EWNETU,

    Defendants.

Case No. 2:18-cv-01833-RAJ

ORDER

## I. INTRODUCTION

Before the Court is Plaintiff Canal Insurance Company's ("Canal") Motion for an Order Permitting Service by Publication. Dkt. # 9. For the reasons below, the Court **DENIES** the motion.

## II. BACKGROUND

This action arises out of a King County Superior Court lawsuit regarding an accident that occurred in Seattle on January 30, 2016. Dkt. # 1. Defendants Yohannes Ewnetu and Temesgen Mengeste were LLC members of Alpha Intermodal LLC, a trucking company. *Id.*, ¶ 3.6. Mengeste brought the King County action, alleging he was seriously and permanently injured when a semi-truck driven by Ewnetu drove over his legs. *Id.*, ¶ 3.12; Dkt. # 8, ¶ 3.12.

Mengeste claims that Ewnetu is entitled to coverage under an insurance policy issued by Canal to Alpha Intermodal LLC. *Id.*, ¶ 1.1. Canal disputes coverage and brings

ORDER – 1

this lawsuit seeking declaratory relief. *Id.*, ¶¶ 4.3, 4.4. Canal further states that, despite reasonable efforts to serve Mengeste, it has been unable to locate him. Dkt. # 10. Canal now seeks an order from this Court permitting service on Ewnetu by publication. Dkt. # 10.

### III. DISCUSSION

Canal attempted to serve Ewnetu with the Summons and Complaint using a process server, but was unable to locate him. Dkt. # 10, ¶ 4. Following that attempt, Canal's counsel sent the Summons and Complaint to Ewnetu by certified and regular mail on January 31, 2019 to the address last known to Canal. *Id.* According to the tracking history for the certified letter, notice was left at that address on February 2nd, it was not claimed, and it was returned to Canal's counsel on March 12th. *Id.* Counsel further states that Mengeste had similar issues trying to serve Ewnetu in the underlying King County action. *Id.*, ¶ 5. Canal now argues that Federal Rule of Civil Procedure 4 and RCW 4.28.100 permit service on Ewentu by publication. Dkt. # 9 at 4-7.

Federal Rule of Civil Procedure 4 allows for service on individuals by complying with state law regarding service. Fed. R. Civ. P. 4(e). Washington's statute on publication by service, RCW 4.28.100, permits the following:

> When the defendant cannot be found within the state, and upon the filing of an affidavit of the plaintiff, his agent, or attorney, with the clerk of the court, stating that he believes that the defendant is not a resident of the state, or cannot be found therein ... the service may be made by publication of the summons ... in any of the following cases:
>
> ...
>
> (2). When the defendant, being a resident of this state, has departed therefrom with intent to defraud his creditors, or to avoid the service of a summons, or keeps himself concealed therein with like intent
>
> ....

RCW 4.28.100.

ORDER – 2

Washington courts have also held that, when a plaintiff possesses information that might reasonably assist in determining a defendant's whereabouts but fails to pursue that information, the plaintiff has not made an honest and reasonable effort to permit service by publication. *Boes v. Bisiar*, 94 P.3d 975, 979 (Wash. App. 2004); *Brenner v. Port of Bellingham*, 765 P.2d 1333 (Wash. App. 1989). To comply with RCW 4.28.100, a plaintiff must make an honest and reasonable effort to find the defendant. *Carson v. Northstar Development Co.*, 814 P.2d 217 (Wash. App. 1991). For this reason, an affidavit supporting service by publication should identify steps taken to personally serve the defendant and should demonstrate reasonably diligent efforts to serve the defendant. *Charboneau Excavating, Inc. v. Turnipseed*, 75 P.3d 1011 (2003) (finding plaintiff did not exercise reasonable diligence where it had not followed up on information regarding the defendant's location); *Bruff v. Main*, 943 P.2d 295 (Wash. App. 1997). A plaintiff need not exhaust all conceivable means of personal service before service by publication. *Carson*, 814 P.2d at 221. "A plaintiff need only follow up on that information possessed by the plaintiff which might reasonably assist in determining a defendant's whereabouts." *Id.*

Here, the evidence provided by Canal in support of the motion indicates that Ewnetu's sister told investigators that he moved back to Ethiopia. Dkt. # 10 at 17. Canal fails to indicate what efforts were used in trying to locate and serve Ewentu in Ethiopia and instead concludes, based on a declaration from Mengeste's counsel, that Ewentu departed Washington "with intent to defraud his or her creditors, or to avoid the service of a summons, or keeps himself or herself concealed therein with like intent." Dkt. # 10, ¶ 7. However, conclusory allegations and bare recitations of the statutory factors are insufficient to permit service by publication. *Bruff*, 943 P.2d at 297 (denying motion for service by publication where affidavits contained no facts clearly suggesting that defendant's change of residence, or any other conduct, was undertaken with the intent required by RCW 4.28.100(2)). Without more, there is little to suggest that Ewentu took

ORDER – 3

any action with the intent to avoid service in this lawsuit. There could be a host of reasons for why Ewentu returned to Ethiopia in the years since the January 2016 accident and prior to the lawsuits. Accordingly, the Court finds that Canal has failed to show the requisite effort needed for service for publication.

Canal also contends that service by publication is appropriate because this is an action regarding personal property in which Ewnetu may have a claimed interest. *See* RCW 4.28.100(6) (permitting service by publication in certain circumstance when the subject of the action is real and personal property). However, Canal has not provided any authority, nor has the Court found any, that leads to the conclusion that an insurance policy is personal property for purposes of RCW 4.28.100(6). *See also* 16 Couch on Ins. § 231:42 (referring to Illinois case which notes that no case has held that competing or adverse claims to the proceeds of an insurance policy could proceed to an adjudication by *in rem* process). Therefore, the existence of an insurance policy is insufficient here to permit publication by service.

The Court **DENIES** Plaintiff's motion.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion. Dkt. # 9.

DATED this 12th day of June, 2019.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 4